STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. JOHN A. METZLER, PLAINTIFF IN ERROR.

Submitted January 15, 1920—Decided June 14, 1920.

1. On writ of error out of the Court of Errors and Appeals to the Supreme Court, where that tribunal has affirmed the judgment of the .Quarter Sessions brought there on writ of error to the latter court, the only proper assignment of error is, that the Supreme Court erred in affirming, instead of reversing, the judgment under review; and no causes for reversal should be filed, as reliance may be had upon those filed in the court below and brought up with the record.

2. The Court of Errors and Appeals in reviewing judgments of courts of law has no power to pass upon the weight of evidence, and all such judgments under review in the Court of Errors and Appeals are to be sustained, so far as factual questions are concerned, if there be any competent evidence to support them.

3. Lack of sufficient evidence to make out a case charged in an indictment is not ground for an arrest of judgment.

On error to the Supreme Court.

For the plaintiff in error, *Howe & Davis.*

For the defendant in error, *J. Henry Harrison,* prosecutor, and *Wilbur A. Mott,* assistant prosecutor of the pleas.

The opinion of the court was delivered by

WALKER, CHANCELLOR.   The defendant was indicted in the Essex Oyer and Terminer for the crime of manslaughter, which indictment was handed down to the Quarter Sessions,

where the defendant was tried and found guilty. Upon the judgment entered on the verdict he sued out a writ of error from the Supreme Court, taking up the entire record under section 136 of the Criminal Procedure act. In that tribunal five assignments of error were filed and five specifications of causes for reversal, the latter being identical with the former. The Supreme Court, after hearing, affirmed the judgment in a memorandum reading as follows:

"PER CURIAM: The questions raised by the assignments of error and reasons for reversal involve only questions of fact for the jury. No legal error is shown. Let the judgment be affirmed."

This determination we find to be entirely correct. The affirmance in the Supreme Court is that of the judgment of the Quarter Sessions and the record is ordered remitted to that court. Neither writ of error is directed to any court as printed in the record. The one out of the Supreme Court, as disclosed by the files, was directed to the Oyer and Terminer, while it should have been directed to the Quarter Sessions, where the record was. The return was made by that court. Passing over this irregularity we come to the case as presented in this court.

Four assignments of error were filed here, which read as follows: (1) Because the Supreme Court affirmed the judgment of the trial court. (2) Because the Supreme Court should have reversed the trial court. (3) Because the Supreme Court affirmed the said conviction. (4) Because the Supreme Court should have set aside the said conviction. And these were supplemented by five specifications of causes in the record relied upon for relief and reversal, as follows: (1) Because there is no evidence whatever to support the crime charged in the indictment. (2) Because the court should have granted the motion for an arrest of judgment. (3) Because the evidence did not prove that the defendant was guilty of the charge laid in the indictment. (4) Because there was no evidence from which the jury could legally infer

that the defendant was guilty of such gross negligence as is contemplated by the statute. (5) Because the jury should have returned a verdict of not guilty, because there was no evidence upon which to legitimately base a verdict of guilty.

The assignments of error are correct, although they should have been stated in form as a single assignment, namely, that the Supreme Court erred in affirming, instead of reversing, the judgment under review. *State* v. *Verona*, 93 N. J. L. 389. And, under such an assignment, the plaintiff in error could advance any argument in this court tending to show that the court below erred in giving judgment against him for the reason upon which that tribunal rested its decision. *Thompson* v. *City of East Orange, ante p.* 106. Causes for reversal should not have been filed in this court, as reliance could here be had upon those which were filed in the Supreme Court and brought up with the record. These specifications are identical in both courts. All of them go to the question of evidence.

That this court in reviewing judgments of courts of law has no power to pass upon the weight of evidence has long been definitely settled, and all judgments here under review are to be sustained, so far as factual questions are concerned, if there be any competent evidence to support them. *Koch* v. *Costello*, 93 N. J. L. 367. We agree with the Supreme Court's declaration, to the effect that there was competent evidence to support the finding of the jury, and we are of opinion that no legal error appears in the record.

The only other reason assigned is that the trial court should have granted the motion for arrest of judgment. And this motion, upon inspection of the record, will be found to deal exclusively with questions of fact and to be rested on reasons which are literally transcribed into the third, fourth and fifth specifications of causes of reversal filed in both courts. But, even the lack of sufficient evidence to make out a case charged in an indictment, is not ground for an arrest of judgment. *State* v. *Hop*, 90 N. J. L. 390.

The judgment under review will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, ACKERSON, JJ.   12.

*For reversal*—None.